THE MIDLAND RAILROAD COMPANY, appellants,

*v.*

ANNA L. HITCHCOCK, respondent.

1. The complainant was the holder of a first mortgage bond of the defendant, and agreed to come in under a plan to re-organize the defendant by force of the statute; the bill alleged that the defendant, as re-organized, was about to issue to the other holders of such first mortgage bonds, its own bonds, but did not show that such new bonds were to be secured by a mortgage.—*Held,* that such statements did not lay a ground for equitable jurisdiction.

2. But as the bill alleged that defendant would not disclose to complainant what the plan of re-organization was—*Held,* further, that the right of such discovery laid a sufficient foundation to the suit.

---

On appeal from a decree of the chancellor, whose opinion is reported in *Hitchcock* v. *Midland R. R. Co., 6 Stew. Eq. 86.*

For the facts of this case, see the chancellor's opinion reported in *6 Stew. Eq. 86.*

*Mr. John W. Taylor,* for appellants.

I. There is a want of equity in the bill.

"An allegation in the bill that the plaintiff 'is informed,' or that he 'is informed and believes' that a certain material fact exists, *is not a sufficient allegation of the existence of such a fact.*" *Cameron* v. *Abbott, 30 Ala. 416; Lucas* v. *Oliver, 34 Ala. 626; Walton* v. *Westwood, 73 Ill. 125.*

"But the fact should be positively alleged by the plaintiff in his bill." *Story's Eq. Pl. (9th ed.)* § *241, and note (a); Egremont* v. *Cowell, 5 Beav. 620–623; 1 Dan. Ch. Pr. (5th Am. ed.) *360; Lord Uxbridge* v. *Stareland, 1 Ves. 50–56; Quinn* v. *Leake, 1 Tenn. Ch. 71.*

II. The complainant has an adequate remedy at law.

III. The complainant should have made the Central Trust Company and the present holder of the bond parties defendant, in order to equitable relief. By the complainant's bill, the Central Trust Company *appears to have the custody or possession of the bond,* and it should certainly be made a party.

*Mr. Geo. R. Brown,* for respondent.

I. As to want of equity. *Story on Agency (8th ed.) 109,* § *85 ; Jeffery* v. *Bigelow, 13 Wend. 518 ; Story on Agency,* § *127 ; North River Bank* v. *Aymar, 2 Hill 375 ; Johnson* v. *Jones, 4 Barb. 369 ; Van Hook* v. *Somerville Manuf. Co., 1 Hal. Ch. 633 ; Gulick* v. *Vroom, 2 Vr. 182 ; 5 Vr. 463 ; Nicholson* v. *Janeway, 1 C. E. Gr. 285 ; Law* v. *Stokes, 8 Vr. 249 ; Hunter* v. *Hudson River I. & M. Co., 20 Barb. 493 ; Medbury* v. *Erie R. R. Co., 26 Barb. 564 ; Dunning* v. *Roberts, 35 Barb. 436 ; Witbeck* v. *Schuyler, 44 Barb. 469, 31 How. Pr. 97 ; Mechanics Bank* v. *N. Y. & N. H. R. R. Co., 13 N. Y. 599 ; North River Bank* v. *Aymar, 3 Hill 362 ; Farmers Bank* v. *Butchers and Drovers Bank, 14 N. Y. 627 ; Griswold* v. *Haven, 25 N. Y. 565 ; Exchange Bank* v. *Monteith, 26 N. Y. 506 ; Bank of New York* v. *Bank of Ohio, 29 N. Y. 619 ; President &c.* v. *Comen, 37 N. Y. 320 ; Armour* v. *Mich. Cent. R. R. Co., 65 N. Y. 111 ; Welsh* v. *Hartford Fire Ins. Co., 73 N. Y. 5 ; Walsh* v. *Gilbert, 2 Hun 58.*

II. Defect of parties. The bill makes all persons parties who had or appeared to have any possible interest in the matter ; it includes the individual members of the re-organization committee, and the new company formed under the plan of re-organization. There is no allegation in the bill showing any other person having an interest ; on the contrary, the complainant is the only person who has.

III. Remedy at law. The complainant clearly had no remedy at law. She had only an equitable interest in the property and

franchises of the New Jersey Midland Railroad Company or the proceeds thereof. The property sought to be reached in this suit, so far as we know, is not in existence. A bond of the new company "to be issued" in the place of those in the old. The old bond was deposited for a certain purpose—that purpose, to obtain a new bond.

The opinion of the court was delivered by .

BEASLEY, C. J.

I agree with the chancellor in the view which he takes of the merits of this case as the same are stated in the bill.

My only difficulty has been with respect to the equitable foundation of the proceeding. The facts are detailed in the opinion of the chancellor. The bill is clearly defective, as it leaves it greatly in doubt whether or not the bond which the complainant claims the right to have issued to her by the company is a bond that is to be secured by a mortgage. If this, in point of fact, be the case, then it is plain that on this ground the matter in dispute is one for equitable cognizance. But if, on the other hand, the obligation on the part of the railroad company is to deliver a naked bond, unsecured in any way, to the complainant, in consideration of the bond surrendered to it by her, then it seems plain to me that a suit at law would be the only remedy. In such latter instance, an actual breach of the implied contract would afford the complainant plenary redress. But although this bill is thus deficient in this particular, nevertheless there is an indication in it that the bond in question is a mortgage bond, for in the charging part it charges that the complainant is entitled to "a mortgage bond of the said Midland company," in lieu of the one surrendered by her. Yet, such a charge standing isolated in the bill, without being supported or justified by any precedent statement, would not sufficiently exhibit the existence of a jurisdictional fact. I am not able to see how the cognizance of equity over the case can be sustained on this ground.

However, I have come to the conclusion that it was proper to

sustain this bill against this demurrer, for the reason that the complainant has a right to a discovery of the plan on which the new company was re-organized. In her bill, the complainant alleges that the committee or trustees entrusted with the carrying out of the plan or agreement of re-organization, approved of an assumption, compromise or settlement of the debts, claims or liabilities of the said New Jersey Midland Railway Company, but upon what particular or general terms they refuse to inform this complainant. It is clear, I think, that the complainant is entitled to this information, and it is also clear that this court cannot say whether her rights are legal or equitable until such discovery shall have been obtained. It is highly probable that the holders of the first mortgage bonds of the old company were to have similar bonds from the new company, and if such was the plan on which the new company was to be constituted, then, as has been said, the complainant has presented her case to the appropriate forum. This right to a discovery affords a basis on which this proceeding may be rested. I shall, therefore, vote to affirm the decree.

*Decree unanimously affirmed.*